*497 Opinion of the Court, by
Ch. J. Boyle.
THIS is a writ of error prosecuted by the defendants to a judgment for the plaintiffs in an action of trespass, for an assault and battery alleged to have been committed upon the plaintiff, Ann, the wife of the other plaintiff.
The rule of law which admits such evidence is predicated on the fact of combination being made out by other evidence.
The confessions or declarations of one of the parties concerned in an unlawful act, must be part of the res gestæ, to justify their being given in evidence against the others. If made at any other time they are not evidence.
*498 We are of opinion that the circuit court erred in refusing to instruct the jury, at the instance of the defendants, to find for all of them, except the defendant Metcalfe. He is the only one of the defendants proved to have touched the plaintiff, Ann; and against the other defendants there is no evidence conducing in the slightest degree to prove them guilty of committing any assault or battery upon her, or of any intention to do so. It is true, that it was proved that the other defendants confessed that they were at the house of Conner when the assault and battery charged, is alleged to have been committed ; and it was also proved, that Metcalfe confessed that be and the ether defendants had gone there for the purpose of taking from Conner, by force, an idiot boy whom he had in his custody. But the circumstance of the other defendants being at Conner’s house, is no evidence that they were there for an unlawful purpose; nor can it, of itself, be sufficient to render them responsible for any act done by Metcalfe, in which they did not participate; and the confessions of Metcalfe are certainly not legitimate evidence against the others, to prove the unlawful purpose with which they went to Conner’s, and thereby to charge them with the consequences of his acts. Where several agree or conspire to commit a trespass, or for any other unlawful purpose, they will, no doubt, all be liable for the act of any one of them, done in execution of the unlawful purpose; and when the agreement or conspiracy is first proved by other evidence, the confessions of one of them will be admissible evidence against the others. But it is well settled, that the confessions of one person cannot be admitted against others, to prove that they had conspired with him for an unlawful purpose.
The judgment must, therefore, be reversed with costs, and the cause remanded, that the verdict may be set aside, and a new trial had, not inconsistent with this opinion.
On the 11th of December the following additional opinion was delivered by Ch. J. Boyle:
In the opinion delivered in this case, it is admitted, were several have agreed or conspired to commit a trespass or other unlawful act, that the confessions of *499 one of them are evidence against the other, the agreement or conspiracy being first proved by other testimony; but, upon further reflection, we are convinced that this position, unless it be understood with great restrictions, is not correct. Any declarations by one of the party, at the time of committing the unlawful act, are, no doubt, not only evidence against himself, but, as being a part of the res gestœ, and tending to determine the quality of the act, are also evidence against the rest of the party, who are equally as responsible as if they had themselves done the act. But what one of the party may have been heard to say, at any other as to the share which others had in the transaction, or as to the object of the conspiracy, cannot be admitted as evidence to affect them; for it has been solemnly decided, that a confession is evidence only against the person himself, who makes the confession, and; not against others. Phillips’ Ev. 73-4.
This explanation cannot affect the result of the former opinion; but we have thought proper to make it, lest the opinion, as it stood, might have misled the parties, on the trial to be had in the circuit court.